IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAIME GARCIA and MONET GILMORE, Individually and on behalf of all others similarly situated, | § § § Civil Action No. _____ § § |
| *Plaintiffs*, | § § |
| v. | § JURY TRIAL DEMANDED § |
| LONE STAR WRECKER SERVICE, LLC and ERIC J. CANTU | § § § COLLECTIVE ACTION |
| *Defendants*. | § PURSUANT TO 29 U.S.C. § 216(b) § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jaime Garcia and Monet Gilmore bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who worked for Lone Star Wrecker Service, LLC and Eric J. Cantu (hereinafter "Defendants" or "Lone Star"), and were paid hourly and/or commission, but no overtime at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* to recover overtime wages.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Lone Star at any time since January 31, 2015 through the final disposition of this matter,

and were paid hourly and/or commission, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Plaintiffs and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiffs and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Lone Star not to pay overtime compensation to Plaintiffs and the Putative Class Members was neither reasonable nor in good faith.

6. Lone Star knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

8. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

# II.
# THE PARTIES

10. Plaintiff Jaime Garcia ("Garcia") worked for Lone Star within the meaning of the FLSA and within the relevant time-period. Plaintiff Garcia did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[2]

11. Plaintiff Monet Gilmore ("Gilmore") worked for Lone Star within the meaning of the FLSA and within the relevant time-period. Plaintiff Gilmore did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[3]

12. The Putative Class Members are those similarly situated employees who worked for Lone Star and have been subjected to the same illegal pay system under which Plaintiffs Garcia and Gilmore worked and were paid.

13. Lone Star Wrecker Service, LLC ("Lone Star") is a Texas limited liability company, and may be served through its registered agent for service of process: **Eric J. Cantu, 3902 S. Port Avenue, Corpus Christi, Texas 78415**.

14. Eric J. Cantu ("Cantu") is the owner of Lone Star Wrecker Service, LLC and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Lone Star, Defendant Cantu employed or jointly employed Plaintiffs and the Putative Class Members. Eric J. Cantu may be served with process at: **3902 S. Port Avenue, Corpus Christi, Texas 78415, or wherever he may be found.**

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Lone Star Wrecker Service, LLC. Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for

---

[2] The written consent of Jaime Garcia is attached hereto as Exhibit "A."

[3] The written consent of Monet Gilmore is attached hereto as Exhibit "B."

compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has personal jurisdiction over Lone Star because the cause of action arose within this District as a result of Lone Star's conduct within this District.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Lone Star is headquartered in Corpus Christi, Nueces County, Texas, and Plaintiffs and the Putative Class Members worked for Lone Star in Corpus Christi, Nueces County, Texas, all of which is located in this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Lone Star is located at 4908 Up River Road, Corpus Christi, Texas 78407 and provides general towing and off-road recovery services throughout the Coastal Bend.

22. To provide their services, Lone Star employs numerous people—including Plaintiffs and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the towing and recovery business.

23. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

24. Specifically, Defendant Cantu dictates the practice goals and what pressing or tactical items need to be done in order to meet the goals of Lone Star and/or their clients.

25. Further, Defendant Cantu manages key internal relationships to Lone Star —that is, he directs the financials of Lone Star and he controls the hourly rate and commissions of Plaintiffs and the Putative Class Members who directly or indirectly report to Defendant Cantu.

26. Moreover, Defendant Cantu has the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

27. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

28. Plaintiff Garcia worked for Lone Star from approximately August 2015 until January 2017 as a tow truck driver/operator.

29. As a tow truck driver/operator, Plaintiff Garcia's primary duties were to drive, maintain and operate the trucks used to tow and recover disabled vehicles throughout the Coastal Bend.

30. Plaintiff Gilmore worked for Lone Star from approximately 2013 until December 2016 as a dispatcher/operations manager.

31. As a dispatcher/operations manager, Plaintiff Gilmore's primary duties were to take incoming phone calls and send the tow trucks out to tow and/or recover vehicles.

32. Lone Star paid Plaintiffs and the Putative Class Members either by an hourly rate and/or a percentage commission for each tow and/or recovery made.

33. Specifically, Plaintiff Garcia was paid $13.00 per hour from 8:00 a.m. to 5:00 p.m. Plaintiff Garcia was paid a 30% commission on each tow and/or recovery only after 5:00 p.m., but

did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

34. Plaintiff Gilmore was paid $10.00 per hour but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

35. Pursuant to 29 C.F.R. § 778.117, any and all commissions should have been included in Plaintiffs and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

36. Plaintiffs and the Putative Class Members worked long hours. Specifically, Plaintiffs and the Putative Class Members often worked more than ninety (90) hours per week.

37. Lone Star denied Plaintiffs and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

38. Lone Star applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiffs and the Putative Class Members consisted of **_non-exempt_** work.

39. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

40. Accordingly, Lone Star's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

**A. FLSA COVERAGE**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR LONE STAR WRECKER SERVICE, LLC AND/OR ERIC J. CANTU, AT ANY TIME FROM JANUARY 31, 2015 THROUGH THE FINAL DISPOSITION OF THIS**

**CASE, AND WERE PAID HOURLY AND/OR COMMISSION BUT DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

43. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

44. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

45. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

46. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Lone Star, these individuals provided services for Lone Star that involved interstate commerce for purposes of the FLSA.

47. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

48. Specifically, Plaintiffs and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Lone Star and were engaged in vehicle towing and recovery services that

were directly essential to the production of goods for Lone Star and related companies. 29 U.S.C. § 203(j).

49. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

50. In violating the FLSA, Lone Star acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

51. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 42.

52. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lone Star.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Lone Star violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

55. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Lone Star's acts or omissions as described herein; though Lone Star is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

56. Moreover, Lone Star knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

57. Lone Star knew or should have known its pay practices were in violation of the FLSA.

58. Lone Star is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

59. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Lone Star to pay overtime in accordance with the law.

60. The decision and practice by Lone Star to not pay overtime was neither reasonable nor in good faith.

61. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

64. Other similarly situated employees have been victimized by Lone Star's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 42.

66. Lone Star's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

67. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

71. Lone Star employed a substantial number of similarly situated individuals since January 31, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas.

72. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Lone Star will retain the proceeds of its rampant violations.

73. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

74. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 42 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiffs respectfully pray for judgment against Lone Star as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 42 and requiring Lone

Star to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiffs (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding Lone Star liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

  e. For an Order awarding the costs and expenses of this action;

  f. For an Order awarding attorneys' fees;

  g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding the Plaintiffs service awards as permitted by law;

  i. For an Order compelling the accounting of the books and records of Lone Star, at Lone Star's own expense;

  j. For an Order providing for injunctive relief prohibiting Lone Star from engaging in future violations of the FLSA, and requiring Lone Star to comply with such laws going forward; and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Date: January 31, 2018 | Respectfully submitted, |

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiffs and the Putative Class Members***