UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JAIME GARCIA and MONET GILMORE,** Individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § | **Civil Action No. 2:18-cv-00029** |
| **LONE STAR WRECKER SERVICE, LLC and ERIC J. CANTU** | § § § | |
| *Defendants.* | § § § | |

## PLAINTIFFS' MOTION TO APPROVE AN AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS

Jaime Garcia and Monet Gilmore (collectively "Plaintiffs"), file this Motion to Approve an Award of Attorneys' Fees and Litigation Costs ("Motion"), asking that the Court approve the negotiated award of attorneys' fees and costs included in the settlement agreement between the parties.

## I. PROCEDURAL HISTORY

On January 31, 2018, Plaintiffs Jaime Garcia and Monet Gilmore filed a collective action lawsuit against Defendants for the alleged failure to pay the proper amount of overtime compensation for all hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq. See* ECF No. 1. Plaintiffs alleged that they were misclassified as exempt employees and therefore did not receive the overtime compensation legally owed to them.

After obtaining substituted service on Defendants Lone Star Wrecker Service, LLC and Eric Cantu, the parties were able to confer and reach a negotiated settlement agreement that provided for

1

individual payments to Plaintiffs Jaime Garcia and Monet Gilmore, respectively, and separately provided for payment of attorneys' fees and expenses to the undersigned counsel.[1] The Parties filed their Notice of Settlement with this Court on December 14, 2018, and filed their Joint Motion for Approval of Settlement Agreement on January 31, 2019. *See* ECF Nos. 19 and 24, respectively. On July 16, 2019, this Court entered an order requiring Plaintiffs to file a separate motion for attorney's fees and costs. *See* ECF No. 26.

## II.
## SUMMARY OF ARGUMENT

Under the FLSA, a prevailing party is entitled to recover their reasonable and necessary attorneys' fees and litigation costs. *See* 29 U.S.C. § 216(b). A plaintiff is a prevailing party in the context of a settlement agreement. *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.*, 489 U.S. 782, 791 (1989); *Buckhannon Bd. And Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001)). Under the terms of the settlement agreement, Plaintiffs' counsel is entitled to recover $2,000.00 in reasonable attorneys' fees and expenses for the hours worked and costs expended on this litigation. This amount is fair and reasonable according to the lodestar method adhered to by courts throughout the Fifth Circuit; the hourly rates requested are reasonable and in line with the market rates in the area; and the hours billed were reasonable, necessary, and aided the advancement of the litigation. Further, the litigation costs were reasonable and necessary.

---

[1] Although initially plead as a collective action, Plaintiffs did not seek conditional certification. Each Plaintiff has individually approved the settlement agreement and it was not negotiated on a representative basis.

**III.**
**ARGUMENT & AUTHORITIES**

**A.    Plaintiffs' Counsel's Fees Are Fair, Reasonable, and a Negotiated Part of the Comprehensive Settlement Agreement**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b); *Prater*, 2008 WL 5140045, at *2. The FLSA has a fee-shifting provision that specifies that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court. *See Prater*, 2008 WL 5140045, at *2 (citing *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 14 (11th Cir. 1985)). As part of its fairness determination, the Court must determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998).  Congress has determined that it is important for FLSA rights to be enforced and that reasonable attorneys' fees must be award to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant and who are relatively unable to pay an hourly fee.

The Fifth Circuit utilizes the "lodestar method" to "access attorneys' fees" in FLSA suits. *Id.* at 850. To calculate the loadstar, this Court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.

    1.    *Lodestar Calculation: Reasonable Hourly Rate*

The first step in computing the lodestar is determining the reasonable hourly rate. To do this, courts look to the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *See Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002).

To establish the reasonable hourly rate, Plaintiffs' counsel rely on their own affidavits and rates actually billed (and paid) in similar lawsuits within the Southern District of Texas. *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007); *see also* Declaration of Clif Alexander, hereby attached as Exhibit A.

        a)    <u>Plaintiffs' Attorneys' Biographic Information</u>

Clif Alexander took the lead role in this litigation. Mr. Alexander focuses his practice on representing wage and hour clients throughout the United States—he has been lead counsel in more than 250 individual, collective, and class action wage and hour cases across the United States. Mr. Alexander has dedicated his career to handling complex class, collective, and mass action litigation on behalf of Plaintiffs in many types of cases and has worked predominately in the labor and employment context for over five years. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander is a 2008 graduate of South Texas College of Law—Houston. Mr. Alexander further represents his clients' interest through leadership positions in state and local organizations, in addition to membership in national and practice specific organizations. Since 2015, for example, Mr. Alexander has served on the Texas Trial Lawyers Association's Board of Advocates/New Lawyers Division, and was the President of the Corpus Christi Young Lawyers Association from 2015 until 2016. Mr. Alexander has been recognized by his peers for his exemplary performance and has been named a "Rising Star" in the Texas Monthly magazine for the preceding five years. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander's hourly rate is $400.00.

Lauren Braddy, an attorney with Anderson Alexander, PLLC, also worked on this case. Ms. Braddy began working with Anderson Alexander, PLLC in 2015, and since that time has practiced almost exclusively wage and hour litigation from the inception of the initial client contact through appeal, when necessary. During that time she has been counsel in over 100 individual, collective, and class action wage and hour cases across the United States—representing thousands of workers. Ms.

Braddy works diligently to ensure that that her clients receive the compensation legally owed to them and to effectively communicate with the clients through all phases of the litigation. Ms. Braddy graduated from Baylor Law School in 2010 with honors. In addition to a robust litigation docket, Ms. Braddy further represents her clients' interests through leadership positions in local organizations, in addition to membership in state and national advocacy organizations. Ms. Braddy was a long-time executive board member for the Corpus Christi Young Lawyers Association and served on the board of directors for six years from 2010 through 2017. Ms. Braddy additionally serves as an active board member for the Coastal Bend Women Lawyers' Association ("CBWLA") and has long been a member of the CBWLA's board of directors. Ms. Braddy has also been recognized by her peers for her legal expertise and has been named a "Rising Star" in Texas Monthly Magazine on five separate occasions. Ms. Braddy's hourly rate is $350.00.[2]

Carter Hastings, an attorney with Anderson Alexander, PLLC, also worked on this case. Mr. Hastings began working with Anderson Alexander, PLLC in 2017, and since that time has practiced almost exclusively in wage and hour litigation. Mr. Hastings has diligently represented workers in class, collective action, and individual lawsuits across the United States. Mr. Hastings graduated from Southern Methodist University in 2016, and since returning to Corpus Christi, Texas, has become an active member in the local bar association, and is currently serving his second-year term as a director of the Corpus Christi Young Lawyers' Association. Mr. Hastings' hourly rate is $300.00.[3]

---

[2] Ms. Braddy's rate has increased to $400.00 since this lawsuit was filed. However, as much of the work performed on this matter occurred in 2018, Ms. Braddy is only seeking to recover at her previous hourly rate of $450.00.

[3] Mr. Hastings' rate has increased to $350.00 since this lawsuit was filed. However, as much of the work performed on this matter occurred in 2018, Mr. Hastings is only seeking to recover at his previous hourly rate of $300.00.

George Schimmel is also an attorney with ANDERSON ALEXANDER, PLLC. Mr. Schimmel graduated from the University of Texas School of Law and has been licensed in the State of Texas since 2001. Since 2014, Mr. Schimmel has concentrated his practice on employment litigation. Before joining the law firm of Anderson Alexander, PLLC, Mr. Schimmel represented large and small businesses, various governmental entities, and non-profit agencies. Mr. Schimmel has argued cases before the courts of this state, federal courts, and administrative agencies, including the Equal Employment Opportunity Commission and the Texas Workforce Commission. Mr. Schimmel has been a speaker on Labor and Employment issues for various local organizations. Since joining Anderson Alexander, PLLC, Mr. Schimmel has represented hundreds of workers in FLSA actions across the United States. Mr. Schimmel's hourly rate is $350.00.

b.    Evidence of Reasonable Rate

In this legal community, the market rates for complex litigation—like collective actions filed pursuant to 29 U.S.C. § 216(b)—support an hourly rate of upwards of $400.00 for partners, and upwards of $300.00 for junior associate attorneys. *See Martinez v. Refinery Terminal Fire Co.*, No. 2:11-cv-00295, 2016 WL 4594945 (S.D. Tex. Sept. 2, 2016) (Ramos, J.) (approving $400.00 for partners and $300 for associates in an FLSA collective action in 2016). In fact, **this** Court has previously approved partner rates at $400.00 and associate rates at $300.00 for two of the undersigned counsel in a similar collective action. *See Rosa v. Dark Star Prod. Testing, Inc.*, No. 2:26-cv-00140, ECF No. 28 (S.D. Tex. Apr. 11, 2018) (Tagle, J.) (approving the $400.00 hourly rate for partners and a $300.00 hourly rate for associates requested in ECF No. 27), attached at Exhibit B;[4] *see also Rater v. Rix Energy Services*, No. 2:16-cv-705, ECF No. 57 (S.D. Oh. Nov. 28, 2017), attached at Exhibit D; *Lyles v. Falcon*

---

[4] The *Rosas* Motion to Approve the Settlement Agreement and Motion to Approve an Award of Attorneys' Fees and Expenses and Dismiss with Prejudice setting out the requested attorneys' fees is hereby attached at Exhibit C.

*Flowback Srvs.* No. CIV-15-1198-R, ECF No. 43 (W.D. Okla. Feb. 7, 2018) (Order Approving FLSA Settlement Agreement) attached at Exhibit E.[5] Further these rates are consistent with the rates alleged by other practitioners in the Corpus Christi Division of the Southern District of Texas. *See Edwards v. FJLJ, LLC*, No. 2:15-cv-00299, ECF No. 70-10 (S.D. Tex. June 30, 2016) (affidavit of a junior associate, practicing law for two (2) years, regarding her reasonable hourly rate of $300.00) attached at Exhibit G.[6]

Accordingly, Plaintiffs' counsel's respective hourly rates are reasonable considering the skill and expertise of the attorneys involved, and are additionally supported by awards from multiple courts throughout the United States, and most importantly, by courts in Corpus Christi, Texas.

2.    *Lodestar Calculation: Reasonable Number of Hours Expended*

Plaintiffs' counsel has reasonably expended over 20 hours in the investigation and prosecution of Plaintiffs' claims against Defendants. *See* Ex. A. This equates to over $7,000.00 in attorneys' fees. The breakdown per attorney is as follows:[7]

| ATTORNEY/STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Clif Alexander | 4.8 | $400.00 | $1,920.00 |
| Lauren Braddy | 4.2 | $350.00 | $1,470.00 |
| Carter Hastings | 3.3 | $300.00 | $1,155.00 |
| George Schimmel | 8.5 | $350.00 | $2,975.00 |
| | | **FEE TOTAL:** | **$7,520.00** |

---

[5] *See also Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 42 (W.D. Okla. Feb. 7, 2018) (Joint Supplement to Joint Motion to Approve FLSA Settlement wherein Mr. Alexander's hourly rate was identified as $400.00), hereby attached as Exhibit F.

[6] This rate, adjusted for inflation from 2016 to the end of 2018 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics equates to $323.47. *See* https://www.officialdata.org/Legal- services/price-inflation

[7] The hours indicated in the chart are supported by descriptive summary of work performed and are detailed in Clif Alexander's declaration. *See* Exhibit A.

This case has been on file since January 31, 2018, and Plaintiffs' counsel have spent over a year and a half litigating this matter. This time includes the time expended in speaking with Plaintiffs; evaluating their claims against Defendants; drafting Plaintiffs' Original Complaint, perfecting service on Defendants' through a Motion for Substitute Service, complying with this Court's requirements to jointly prepare and file a Joint Case Management Plan and Proposed Scheduling Order, fulfilling the obligations imposed by Federal Rule of Civil Procedure 26, drafting discovery for each Plaintiff, to serve on each Defendant; creating a damage model for each Plaintiff; and negotiating the terms of a settlement agreement between the parties. drafting a final settlement agreement between the parties. These activities are detailed in the descriptive time summary included in Clif Alexander's affidavit. *See* Exhibit A.

Upon reaching a comprehensive compromise, fully encompassing all claims, defenses, and expenses for all parties, Plaintiffs' counsel, with input from Defendants' counsel, prepared a Settlement Agreement that was agreed to by each Plaintiff and all Defendants. The time expended by Plaintiffs' counsel was in the furtherance of tasks that were both reasonable and necessary for the prosecution of Plaintiffs' claims. Plaintiffs have not included time spent researching and drafting motions that were not filed with the Court, that were not successful before the Court. Neither have Plaintiffs' counsel included time on matters not pertinent to the merits of this lawsuit. *See id.*

3.    *The Lodestar Amount is Reasonable*

This Court should approve the requested hourly rates because they are reasonable, have been approved by courts in other jurisdictions, and are in line with the hourly rates charged by employment attorneys not only in the Southern District of Texas but throughout the State of Texas. Further, the hours expended by Plaintiffs' counsel and legal staff throughout the one and a half years this case has been pending are all reasonable, necessary, and were a part of Plaintiffs' eventual success on the merits.

Therefore, Plaintiffs contend that the lodestar amount of $7,520.00 is fair and reasonable.

**B.      Litigation Costs Were Reasonable and Necessary**

In addition to the reasonably and necessary attorneys' fees, addressed above, Plaintiffs' counsel has incurred additional expense in the extended litigation of this matter. To date, the expenses in this case total $1,545.50. The $1,545.50 amount includes filing and service fees, legal research and PACER fees.  These costs are detailed in the Declaration of Clif Alexander. *See* Exhibit A.

Importantly, these costs are *included* in the net $2,000.00 amount negotiated in the settlement agreement between the parties. After deducting the necessary expenditures out of the award, the amount that Plaintiffs' counsel will receive in fee is only $454.5, an amount that accounts for a small fraction of the applicable lode star amount that Plaintiffs would have been entitled to had they prevailed before a jury—in addition of course to the fees and costs that would have been incurred through trial on the merits.

Although Plaintiffs' counsel would be entitled to an attorneys' fee award of $7,520.00 based on the lodestar, as calculated above, in addition to $1,545.50 in reasonably and necessarily incurred expenses, Plaintiffs' counsel has agreed to a reduced fee award that is significantly below the applicable lodestar. That is, instead of seeking the full $9,065.50 (attorneys' fees and costs), Plaintiffs' counsel have agreed to a total fee award of $2,000.00, inclusive of costs and expenses, to facilitate a final resolution of this matter. As Plaintiffs are receiving only $454.50 in fee, it equates to an hourly rate of less than $22.00 across the board.

**C.      No Upward (or Downward) Departure Is Warranted**

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *3. There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). This is because "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable'

attorney's fee." *Penn. v. Del. Valley Citizens' Counsel*, 478 U.S. 546, 565–66 (1986). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) The *amount involved and the results obtained;* (9) the *experience, reputation, and ability of the attorney*; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19 (emphasis added).

### a.   Time and Labor Required

Prosecuting this matter to a successful settlement for the benefit of the Plaintiffs required Plaintiffs' Counsel to expend a significant amount of time by the attorneys, including substantial legal and factual research and engaging in settlement negotiations. Plaintiff's Counsel's hours are addressed more fully above. Litigating FLSA collective actions involve fact intensive-issues that require a large time investment, in addition to skill and experience. *See Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *5 (D. Kan. Oct. 15, 2012) (recognizing that FLSA collective actions require an extensive time commitment, skill, and expertise by experienced plaintiffs' counsel). The time and labor expended support the requested fee.

### b.   Novelty and Difficulty of Question Presented by the Case

Representing Plaintiffs in a lawsuit under the FLSA involves a specialized area of the law and requires counsel with the requisite experience. Defendants asserted multiple affirmative defenses to Plaintiffs' claims, including but not limited to Defendants' argument that Plaintiffs were barred from

10

recovering under the FLSA as a result of the application of the Motor Carrier Act ("MCA")—leaving Plaintiffs' counsel to unravel dueling federal statutes.

### c.    Skill Required and Ability of Plaintiff's Counsel

Plaintiffs' counsel addressed the requisite skills and abilities of the undersigned counsel when addressing the reasonability of the requested rates. *See also* Exhibit A. Plaintiff's Counsel thereby had the requisite reputation, skill, and specialized experience to perform the legal services required in this complex litigation.

### d.    The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case

Addressing the fourth and tenth factors, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F.Supp.2d 1143, 1152–53 (D. Colo. 2009). Plaintiff's Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

### e.    Customary Fee Awards in Similar Cases and Plaintiff's Contingency Fee Agreement.

Addressing factors five and twelve, the separately-negotiated, agreed contingency fee in the Professional Services Agreement between Plaintiffs and Counsel provides for a contingency fee of 40% of the gross settlement amount. Counsel, working on contingency, had 100% of the risk of loss, advanced considerable costs, which if not recovered, would be lost as well as unrecoverable time spent working on this matter. *See Johnson*, 488 F.2d at 717–20. As set forth above, a contingency of 40% is in line with Fifth Circuit precedent and is significantly lower than the lode star in this matter. *See, e.g.,*

*Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (awarding 40% contingent fee in FLSA collective action); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13CV246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (same); *Wolfe v. Anchor Drilling Fluids USA, Inc.*, Case No. 4:15-cv-1344 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (40%).

        **f.**      **Amount Involved and Results Obtained**

Here, the Gross Settlement Amount represents a significant recovery on behalf of Plaintiffs—Defendants' raised strong arguments that (a) Plaintiffs were exempt from the FLSA and (b) Plaintiffs had been properly paid for all of their time. Importantly, since the business had been sold since Plaintiffs last worked there, the settlement compromise provided Plaintiffs their best opportunity to receive payment. Accordingly, the settlement amounts are well within the available range of recovery, and the uncertainty of the damages (and the uncertainty of collection) favor settlement.

In sum, the Gross Settlement Amount represents an excellent result given the circumstances of the case, and thus, the "amount involved and results obtained" factor supports the proposed fee award.

        **g.**      **Any Time Limitations Imposed by the Client or the Circumstances**

The FLSA provides a maximum three-year statute of limitations on claims. *See* 29 U.S.C. § 255(a). The statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiffs' complaint, but rather by the opt-in plaintiff filing his/her written consent with the court. *See id.* Here, Plaintiffs did not pursue conditional certification, so time limitations do not support the upward, or downward, departure from the lodestar amount.

        **h.**      **The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case**

Addressing factors four and seven, Plaintiffs' Counsel undertook significant risk in agreeing to represent Plaintiffs in this case. Wage and hour cases are complicated and time-consuming matters.

Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F. Supp. 2d at 1152–53. Plaintiffs' Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

## IV.
## CONCLUSION

Plaintiffs have submitted evidence before this Court in support of the reasonableness of the hourly rates for Plaintiffs' counsel in this District and Division, have further provided detailed evidence supporting the number of hours Plaintiffs' Counsel have worked on this matter, and have identified their reasonable and necessary litigation costs. Plaintiffs have further established that the *Johnson* factors do not warrant an upward (or downward) departure from the established lodestar. Because the negotiated settlement agreement provides for an award of attorneys' fees that is substantially less than the lodestar amount in this matter, it is fair and reasonable. Plaintiffs therefore respectfully request that this Court approve the requested fee and cost amount.

Date: August 2, 2019                    Respectfully submitted,

                                        **ANDERSON ALEXANDER, PLLC**

                         By:    /s/ Clif Alexander
                                **Austin W. Anderson**
                                Federal I.D. No. 777114
                                Texas Bar No. 24045189
                                austin@a2xlaw.com
                                **Clif Alexander**
                                Federal I.D. No. 1138436
                                Texas Bar No. 24064805
                                clif@a2xlaw.com
                                **Lauren E. Braddy**
                                Federal I.D. No. 1122168
                                Texas Bar No. 24071993
                                lauren@a2xlaw.com
                                **Alan Clifton Gordon**
                                Federal I.D. No. 19259
                                Texas Bar No. 00793838
                                cgordon@a2xlaw.com
                                **Carter T. Hastings**
                                Federal I.D. No. 3101064
                                Texas Bar No. 24101879
                                carter@a2xlaw.com
                                819 N. Upper Broadway
                                Corpus Christi, Texas 78401
                                Telephone: (361) 452-1279
                                Facsimile: (361) 452-1284

                                ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander